UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOGITECH, INC.<br><br>    Defendant. | Case No. 18-CV-01304-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 24 |

Defendant Logitech, Inc ("Logitech") moves to dismiss Plaintiffs Uniloc USA, Inc., Uniloc 2017 LLC, and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") amended complaint for patent infringement of U.S. Patent No. 6,993,049 (the "'049 Patent"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Logitech's motion to dismiss with leave to amend.

## I. BACKGROUND

### A. Factual and Procedural History

The '049 Patent is in broad strokes directed to wireless communication systems and the interactions among "stations" used in such systems. '049 Patent at 1:1-7.

On February 28, 2018, Uniloc filed a complaint against Logitech that alleged that Logitech

1

is infringing the '049 Patent. ECF No. 1. On July 6, 2018, Logitech filed a motion to dismiss. ECF No. 20. On July 20, 2018, Uniloc filed an amended complaint. ECF No. 21 ("AC"). The Court denied Logitech's motion to dismiss Uniloc's original complaint as moot. ECF No. 25.

On August 3, 2018, Logitech filed a motion to dismiss the amended complaint, which is now before the Court. ECF No. 24 ("Mot."). On August 24, 2018, Uniloc filed its opposition. ECF No. 32 ("Opp."). On September 7, 2018, Logitech filed its reply. ECF No. 38 ("Reply").

In its motion to dismiss the amended complaint, Logitech contends that Uniloc has failed to state a claim for induced infringement and contributory infringement. Mot. at 4, 7.

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir.

2

Case No. 18-CV-01304-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III. DISCUSSION

Logitech contends in its motion to dismiss that Uniloc fails to state a claim for induced infringement and contributory infringement. Mot. at 4, 7. The Court addresses each type of infringement in turn.

### A. Induced Infringement

"For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Nalco Co. v. Chem-Moc, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (quoting *Lifetime Indus., Inc. v. Trim-*

3
Case No. 18-CV-01304-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

*Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)) (internal quotation marks omitted). Thus, for an allegation of induced infringement, the plaintiff must allege that a defendant *knew* that another party was infringing, *and intended* for that other party to infringe. *Id.*

Uniloc alleges that "Logitech intentionally instructs its customers to use the Accused Infringing Products in a manner that infringes through training videos, demonstrations, brochures, installation and user guides, and other instructional and marketing materials," then lists a plethora of websites. AC at ¶ 18. Logitech believes that Uniloc fails to state a claim for induced infringement for two main reasons. First, Uniloc fails to allege that Logitech knew any of its customers were infringing the '049 Patent. Second, Uniloc fails to allege that Logitech specifically intended its customers to infringe the '049 Patent. The Court finds both of Logitech's arguments persuasive.

First, Uniloc fails to allege that Logitech has knowledge that its customers are infringing. Uniloc's accusation that Logitech intentionally *instructs* its customers to use the accused devices is not an allegation that Logitech has *knowledge* of its customers' allegedly infringing conduct. Giving instructions is not the same as having actual knowledge of infringement. *See, e.g.*, *Avocet Sport Tech., Inc. v. Garmin Int'l, Inc.*, 2012 WL 2343163, at *4 (N.D. Cal. June 5, 2012) (holding that giving customers "specific instructions or training" is insufficient to allege induced infringement). Furthermore, simply listing more websites that allegedly provide instructions to infringe, as Uniloc has done in its amended complaint, does not remedy this fundamental failure to allege Logitech's knowledge of customers' infringing conduct. Thus, Uniloc cannot survive a motion to dismiss because it has failed to allege that Logitech, the accused infringer, knew that "the [other party]'s acts constituted infringement." *Nalco Co.*, 883 F.3d at 1355.

Second, Uniloc fails to allege that Logitech specifically intended its customers to infringe. All Uniloc alleges is that Logitech "intentionally instructs its customers" to use the accused devices "in a manner that infringes." AC at ¶ 18. "[A] formulaic recitation of a cause of action's elements will not do" to meet Rule 8's pleading standards. *Twombly,* 550 U.S. at 555. Uniloc's allegations lack "*facts plausibly showing* that [the accused infringer] specifically intended their

4

customers to infringe." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (emphasis added). Here, Uniloc pleads no facts, only conclusory statements, in relation to Logitech's intent for its customers to infringe.

In fact, Uniloc's near-identical claims of induced infringement were recently dismissed in a similar case against defendant Apple Inc. *See Uniloc USA, Inc. v. Apple Inc.*, 2018 WL 2047553 (N.D. Cal. May 2, 2018). Tellingly, even when asserting a different patent in *Apple*, Uniloc's allegations are nearly identical to the ones in the instant case. The *Apple* court held:

> This Order holds Uniloc's vague and conclusory allegations that Apple "intentionally instructions its customers to infringe" using broad categories of materials, coupled with a list of five generic websites, *do not amount to factual content supporting any reasonable inference* that Apple possessed either "knowledge that the induced acts constitute patent infringement" or "specific intent to encourage another's infringement."

*Id.* at *4 (emphasis added). Similarly here, Uniloc only generically alleges that Logitech, with the intent to have its customers infringe, provided its customers with instructions to do so. This is simply not enough to allege induced infringement.

Uniloc's opposition fares no better. In defense of its amended complaint, Uniloc asserts that "advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005); Opp. at 5. As an initial matter, *Grokster* is a copyright case, not a patent case, and Uniloc cherry-picked a quote that relates only to direct infringement, not induced infringement. Furthermore, even assuming *arguendo* that Uniloc's argument is correct, Uniloc still fails to allege that Logitech had knowledge its customers were infringing.

Thus, Uniloc fails to state a claim for induced infringement. Because granting Uniloc an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Logitech, and Uniloc has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### B. Contributory Infringement

To state a claim for contributory infringement, one must plead that a party sells or offers to

5
Case No. 18-CV-01304-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

sell "a component of a patented . . . combination, . . . or a material . . . for use in practicing a patented processing constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Nalco Co.*, 883 F.3d at 1356 (quoting 35 U.S.C. § 271(c)).

Uniloc alleges that "Logitech knows that portions of the Accused Infringing Devices are especially made or especially adapted for use in infringement of the '049 patent as described above, and are not a staple article or a commodity of commerce suitable for substantial noninfringing use when used as described above and in Exhibit 1 hereto." AC at ¶ 19. Logitech argues that Uniloc's allegation lacks factual content necessary to support Uniloc's claim, especially regarding whether the accused products have no substantial non-infringing uses. The Court agrees with Logitech.

Here, Uniloc fails to provide factual underpinnings for its allegations that there are no substantial noninfringing uses of the accused devices. Again, "a formulaic recitation of a cause of action's elements will not do" to meet Rule 8's pleading standards. *Twombly*, 550 U.S. at 555. Uniloc's fleeting reference to the fact that the accused products have no substantial noninfringing uses does not provide the requisite factual basis to support Uniloc's claim, which merely paraphrases the contributory infringement statute. Furthermore, in the *Apple* case, Uniloc made an almost-identical allegation, which the *Apple* court found to be "formulaic recitation of Section 261(c) not entitled to the presumption of truth." *Apple*, 2018 WL 2047553, at *5; *see also Fuzzysharp Techs. Inc. v. NVIDIA Corp.*, 2013 WL 2249707, at *2 (N.D. Cal. Apr. 18, 2013) (holding that a plaintiff failed to state a claim for contributory infringement because the allegations in the complaint "do not raise the reasonable inference that . . . [the accused products] have no substantial non-infringing uses"). Thus, Uniloc fails to state a claim for contributory infringement. Because granting Uniloc an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice Logitech, and Uniloc has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

6

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Logitech's motion to dismiss with leave to amend. If Uniloc elects to file an amended complaint, Uniloc must do so within 30 days of this Order. If Uniloc fails to file an amended complaint within 30 days or fails to cure the deficiencies identified in this order, the deficient claims will be dismissed with prejudice. Uniloc may not add new causes of action or new parties without stipulation or leave of the Court.

**IT IS SO ORDERED.**

Dated: November 17, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge