United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LOGITECH, INC.,<br><br>Defendant. | Case No. 18-CV-01304-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Re: Dkt. No. 49 |

On February 28, 2018, Plaintiffs Uniloc USA, Inc., Uniloc 2017 LLC, and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") filed a complaint against Logitech, Inc. ("Logitech) that alleged that Logitech is infringing U.S. Patent No. 6,993,049 (the "'049 Patent"). ECF No. 1. On July 6, 2018, Logitech filed a motion to dismiss. ECF No. 20. On July 20, 2018, Uniloc filed an amended complaint. ECF No. 21. On August 3, 2018, the Court denied Logitech's motion to dismiss Uniloc's original complaint as moot. ECF No. 25.

On August 3, 2018, Logitech filed a motion to dismiss the amended complaint. ECF No. 24. On August 15, 2018, the Court filed a Case Management Order that set the schedule in this case. ECF No. 30. On August 24, 2018, Uniloc filed its opposition to Logitech's motion to

1
Case No. 18-CV-01304-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

dismiss. ECF No. 32. On September 7, 2018, Logitech filed its reply. ECF No. 38. On November 17, 2018, the Court granted Logitech's motion to dismiss with leave to amend. ECF No. 47.

Before the Court is Logitech's administrative motion to consider whether cases should be related, filed on November 20, 2018. ECF No. 49 ("Mot."). Uniloc opposed on November 30, 2018. ECF No. 52 ("Opp'n"). Logitech wishes to relate the following cases:

- 3:18-CV-6738-EMC (N.D. Cal) (Uniloc suing LG Electronics USA Inc et al ("LGE") for infringing the '049 Patent) (the "6738 case");
- 3:18-CV-6737-JD (N.C. Cal.) (Uniloc suing LGE for infringing U.S. Patent No. 6,868,079 (the "'079 Patent")) (the "6737 case");
- 4:18-CV-6739-PJH (N.D. Cal.) (Uniloc suing LGE for infringing U.S. Patent No. 7,020,106 (the "'106 Patent")) (the "6739 case");
- 3:18-CV-6740-EDL (N.D. Cal.) (Uniloc suing LGE for infringing U.S. Patent No. 7,167,487 (the "'487 Patent")) (the "6740 case").

*See* Mot. at 1.

As Logitech discusses in its motion, the 6738 case, where Uniloc asserts the '049 patent against LGE, was automatically deemed related to the instant case pursuant to Patent Local Rule 2-1(a), which provides that "[w]hen actions concerning the same patent are filed within two years of each other by the same plaintiff, they will be deemed related." *See id.* at 1–2. Uniloc agrees that the instant case and the 6738 case are related and does not oppose relating those cases. *See* Opp'n at 4 ("Insofar as both the -1304 case (against Logitech) and the -6738 case (against LG[E]) involve the same patent, Uniloc agrees that by operation of Patent Local Rule 2-1(a), the cases should be (and now are) related."). Accordingly, the Court GRANTS Logitech's administrative motion to the extent it seeks to relate the 6738 case to the instant case. *See* Mot.

The Court turns now to the 6737, 6739, and 6740 cases, which concern different patents (the '079, '106, and '487 Patents) than the '049 Patent and concern a different defendant (LGE) than the one at issue here (Logitech).

2

Case No. 18-CV-01304-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Civil Local Rule 3-12(a) provides that one action is related to another when "[t]he actions concern substantially the same parties, property, transaction or event;" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

The Court concludes that the instant case and the 6737, 6739, and 6740 cases are not related under this definition. Although the plaintiffs to the actions are the same, there is no overlap between the instant case and the defendants, patents, inventors, and technology standards in the 6737, 6739, and 6740 cases. Given these differences, discovery as to the '049 Patent and the '079, '106, and '487 Patents will differ. Thus, any benefit of relation will be negligible, and relation is not necessary to avoid unduly burdensome duplication of labor and expense. Moreover, because the instant case and the 6737, 6739, and 6740 cases do not involve the same patents, there is a low risk of inconsistent results. In similar circumstances, other courts in this district have found that cases are not related. *See NXP Semiconductors USA, Inc. v. LSI Corp.*, No. C-08-00775-JW, ECF No. 196, (N.D. Cal. Jan. 13, 2009); *Hynix Semiconductor Inc. v. Rambus Inc.*, Nos. C-00-20905 RMW, ECF No. 3861, C-05-334 RMW, C-05-2298 RMW, C-06-244 RMW, C-08-3343 SI, 2008 WL 3916304 (N.D. Cal. Aug. 24, 2008); *Twilio, Inc. v. Telesign Corporation*, No. 16-CV-06925-LHK, ECF No. 198 (N.D. Cal. June 27, 2018). Accordingly, the Court DENIES Logitech's administrative motion to the extent it seeks to relate the 6737, 6739, and 6740 cases to the instant case. *See* Mot.

**IT IS SO ORDERED.**

Dated: December 5, 2018

_____
LUCY H. KOH
United States District Judge

3
Case No. 18-CV-01304-LHK
ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED